IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| JIMMY HORACE OAKLEY | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:07cv568 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Jimmy Oakley, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Oakley was convicted of aggravated assault with a deadly weapon, receiving a sentence of 75 years in prison. He took a direct appeal, which was denied, and tried to file a petition for discretionary review, which was dismissed as untimely. Oakley also sought state habeas corpus relief, which was also denied.

In his federal habeas petition, Oakley contends that he received ineffective assistance of counsel on appeal from his appellate attorney, Alex Tyra. He says that Tyra failed to communicate with him, thus denying him of the opportunity to review and request corrections or inquire about substantive issues, which resulted in the filing of a "meaningless brief"; he was not timely notified that the Court of Appeals had affirmed his conviction, thus denying him the opportunity to file a petition for discretionary review; and he was hindered in seeking an extension of time to file a petition for discretionary review because his conviction was affirmed on October 24, 2006, but he did not receive notice of this until November 9, 2006.

1

The Magistrate Judge ordered the Respondent to answer the petition, and received copies of the state court records. Oakley filed two separate responses to the answer.

After review of the pleadings and records, the Magistrate Judge issued a Report recommending that the petition be denied. After setting out the legal standards applicable to claims of ineffective assistance of counsel on appeal, the Magistrate Judge noted that Tyra's brief raised two grounds on appeal, which were that the evidence was legally and factually insufficient to support the conviction and the sentence was disproportionate to the offense. These grounds were responded to by the State on the merits, and addressed by the Court of Appeals. Contrary to Oakley's contentions, the Court of Appeals did not hold that Tyra's brief was "frivolous" or "lacking in merit." As the Magistrate Judge observed, the fact that Oakley did not prevail on his appeal does not show that the brief filed by Tyra amounted to ineffective assistance of counsel.

The Magistrate Judge went on to say that Oakley did not point to any issues which Tyra could have raised on appeal, much less show that had counsel performed differently, there would have been revealed issues and arguments of merit on appeal. *See* Sharp v. Puckett, 930 F.2d 450, 453 (5th Cir. 1991). The Magistrate Judge stated that appellate counsel is not required to consult with the client about legal issues to be raised on appeal, *see* Hooks v. Roberts, 480 F.2d 1196, 1197 (5th Cir. 1973), and so Oakley's first ground for relief is without merit.

In his objections on this ground, Oakley says that counsel failed to raise the meritorious issue of a failure to voir dire the jury on racial prejudice because he and the victim of the offense were of different races. He cites Justice Brennan's concurring and dissenting opinion in Turner v. Murray, 106 S.Ct. 1683, 1690 (1986), but neglects to note that the holding in Turner is limited to capital cases, and that in any event, the plurality opinion in Turner specifically stated that "the fact of interracial violence alone is not a 'special circumstance' entitling the defendant to have prospective jurors questioned about racial prejudice." Turner, 106 S.Ct. at 1688 n.7. Oakley has failed to show that this ground would have had any reasonable likelihood of success on appeal.

Oakley also says that counsel should have raised the "fact" that the prosecutor knowingly used perjured testimony at trial. However, he offers no evidence of the use of perjured testimony, much less that this ground would have had any reasonable likelihood of success on appeal. He points to testimony by Amanda Bridges, the daughter of the victim, to the effect that she did not go back in to the house until the incident was over, but fails to show that this statement was untrue, much less that it was material to any issue in the case. Oakley has failed to show that had his appellate attorney acted differently, there would have been revealed issues and arguments of merit on appeal. In addition, as the Magistrate Judge accurately stated, Tyra had no constitutional duty to consult with Oakley about the grounds to be raised on appeal. Oakley's objections to the Magistrate Judge's disposition of his first ground for relief are without merit.

Second, Oakley says that he was not timely notified of the decision of the Court of Appeals, thus preventing him from seeking discretionary review. The Magistrate Judge concluded that under prevailing Fifth Circuit authority, the right to assistance of counsel on appeal ends when the decision by the appellate court is entered, and so the failure to timely notify the defendant of the outcome of the direct appeal cannot amount to ineffective assistance of counsel. Moore v. Cockrell, 313 F.3d 880, 882 (5th Cir. 2002). Thus, the Magistrate Judge said, Oakley's right to counsel on appeal ended on October 24, 2006, when the decision of the appellate court was entered, and so any alleged failure to notify him occurred after his right to assistance of counsel had ended.

Furthermore, the Magistrate Judge noted that Oakley acknowledged receiving counsel's letter informing him of the appellate court's decision on November 9, 2006, and his deadline for seeking discretionary review did not expire until November 23, 2006, and so Oakley had ample time in which to file a petition for discretionary review or an extension of time in which to do so before the deadline expired.

In his objections, Oakley says that under the Texas Rules of Appellate Procedure, his right to counsel did not end until counsel had complied with the requirement of the Texas rules by sending him a copy of the opinion of the Court of Appeals along with notification of his right to seek

3

discretionary review. He says that Tyra's claim to have sent him such notification on October 27, three days after the Court of Appeals' decision, was untrue, and that the state habeas court did not make a credibility decision by accepting Tyra's perjured affidavit as true. Oakley also says that he did try to seek an extension of time on November 13, but received no response.

The Fifth Circuit has held that the proper inquiry in a federal habeas corpus proceeding is not whether rights under state law have been violated; federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure. Manning v. Warden, Louisiana State Penitentiary, 786 F.2d 710, 711 (5th Cir. 1986). The Texas Rules of Appellate Procedure are not a proper basis for a determination of Oakley's rights under federal law, for purposes of a federal habeas corpus proceeding. Moore is a decision construing federal law, and under that decision, as the Fifth Circuit said, Oakley's right to counsel on appeal ended when the appeals court's decision was entered.

Oakley offers documentation showing that Tyra's letter was received in the prison mail room on November 8, 2006, and delivered to him the next day, saying that this is proof that it was not mailed on October 27; he contends that "mail is delivered anywhere in the United States within three days," and so if it had been mailed on October 27, it would have arrived on October 30. The Court is well aware that mail delivery carries no guarantee of receipt within three days, and the fact that the letter was received at the prison on November 8 does not in any way show that it could not have been mailed on October 27. Oakley has failed to show any valid basis upon which to set aside the implicit finding of credibility made by the state habeas corpus regarding Tyra's affidavit, and his objection on this point is without merit,

Furthermore, as the Magistrate Judge observed, Oakley had ample time after receiving the letter on November 9, 2006, in which to file his motion for discretionary review or a request for extension of time. Even if he did attempt to file a motion for extension of time and received no response, as he says, this does not show that Tyra rendered ineffective assistance of counsel and fails

4

to present any basis for relief in this habeas corpus petition. Oakley's objection on this ground is without merit.

Next, Oakley says that he was "hindered" in seeking an extension of time because of the delay in receiving notification of the decision of the Court of Appeals. He again cites the Texas Rules of Appellate Procedure and states that under Texas law, counsel had the duty to inform him of the appellate court's decision and of his right to seek discretionary review. Oakley also returns to his argument that Tyra lied in saying that he mailed the letter on October 27, as shown by the fact that it was not received at the prison until November 8. These contentions are without merit.

Finally, Oakley says that he has made a substantial showing that he was denied a federal right in that Tyra did not review his case and failed to provide him with effective assistance of counsel on appeal. He says that the issues are debatable among jurists of reason and that had he been able to file a petition for discretionary review, it would have had a "significant chance of success." Oakley has offered no viable basis to support such a conclusion. His request for a certificate of appealability is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's responses thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jimmy Oakley is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 15th day of December, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**